BISHOP, J., Dissenting.
I dissent. Borrowing the words from State v. Donaldson, (1889) 41 Minn. 74 [42 N. W. 781], the question before us is “"Whether the term ‘patent and proprietary medicines’ is to be understood in a strict and technical sense as limited to those in the preparation of which there is an exclusive right of property in some proprietor ... or whether it is used in a popular and more extended sense, as including all preparations prepared and o sold throughout the country in original packages, as patent medicines are.” I am persuaded that our statute uses the *760 term in the popular and more extended sense, because (see State v. Donaldson, supra) some thirty states have statutes so similar to ours that it is evident they are cut by a common pattern, and in the following cases the validity of the statutes has been weighed with “proprietary medicines” in the scale, employed not in the technical but in the popular sense: State v. Donaldson, supra, Tiedje v. Haney, (1931) 184 Minn. 569 [239 N. W. 611], Noel v. People, (1900) 187 Ill. 587 [58 N. E. 616, 79 Am. St. Rep. 238, 52 L. R. A. 287], Kentucky Board of Pharmacy v. Cassidy, (1903) 115 Ky. 690 [74 S. W. 730], State v. Wood, (1927) 51 S. D. 485 [215 N. W. 487, 54 A. L. R. 719], and State v. Childs, (1927) 32 Ariz. 222 [257 Pac. 366, 54 A. L. R. 736],
Had I any doubt as to the meaning properly to be given the term as it appears in this penal statute, I would resolve the doubt in favor of that construction which did not bring it within the statute. The English language is so rich in words that the legislature can easily define a crime and a person should not be held to be a lawbreaker on doubtful interpretation. Here, to my mind, both the doubt and the most acceptable interpretation bring us to the same result. I am of the opinion the judgment should be reversed.